## Bailey, By. et al. v. Joseph,

(Decided May 10, 1911.)

### Appeal from Leslie Circuit Court.

Homestead—Infant—An infant is not entitled to a homestead in land which his father acquired before his death, in the absence of any evidence showing that his father either occupied the land, or intended within a reasonable time to occupy it.

J. K. P. TURNER and JOHN L. DIXON for appellant.

J. P. MINIARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY—COMMISSIONER—Affirming.

Appellant, Marion Bailey, an infant suing by his next friend, brought this action against appellee, Arch Joseph, to recover his homestead rights in a tract of land occupied by the latter, and for rent claimed to be due during the latter's occupancy. The case was tried before a jury, and, at the conclusion of the evidence, the trial court directed a verdict in favor of appellee. To review the propriety of this ruling, this appeal is prosecuted.

The facts as disclosed by the very meagre record before us are as follows: Just prior to his death, Marion Bailey, appellant's father, was living with his wife, Polly Jane Bailey, and three children by a former marriage, on a small farm on Wooton's Creek, in Leslie County, Kentucky. This tract of land was worth less

than $1,000. In the year 1894 the deceased exchanged the land on which he had been living for the land in controversy, and he and his wife executed a deed to his grantee. At that time he received only a title bond to the tract in controversy. After his death the parties with whom the exchange was made conveyed the tract in controversy to the heirs and widow of the deceased. After the death of the deceased, appellant Marion Bailey was born. The widow, Polly Jane Bailey, while still living on the land on Wooten's Creek, sold the land in controversy to Isaac Boggs by deed of general warranty, which purported to vest in Boggs a fee simple title to the whole farm. Soon thereafter she went to live with her father. Sometime later she married E. C. Baker and went to housekeeping. Appellant remained with her until he was about thirteen years of age, when he went to live with his grandfather. Appellee acquired title to the land through a series of conveyances from Boggs. He also purchased the interest of John and Chester Bailey in the tract in controversy after they reached their majority. Finley Bailey, the third child living at the time of Marion Bailey's death, is dead. The tract of land was sold for taxes in the year 1905, and appellee also acquired this title.

It is the contention of appellant that his father was entitled to a homestead in the land in controversy, and that this homestead was for the benefit of his mother and her infant children until they reached their majority; that the conveyance by his mother could not operate to defeat him of his homestead right in the premises. Appellant's mother testified that her husband did not live upon the land in controversy at the time of his death. This is all the evidence there is upon the question of homestead. No witness pretends to testify that Marion Bailey, Sr., had any purpose or intention of moving upon the premises in controversy. So far as this record shows, he may never have had such an intention, but, on the contrary, may have contemplated moving elsewhere. In the absence of any evidence tending to show that Marion Bailey, Sr., either occupied the premises in question or intended to occupy them within a reasonable time, we fail to see how he could have acquired a right of homestead in the premises. Having failed to prove a right of homestead in his father, it necessarily follows that appellant failed to prove a right of homestead in

himself. That being true, the trial court properly directed a verdict in favor of appellee.

As appellant sought in this action to enforce only his homestead right in the premises, the judgment herein will not be conclusive of any other interest he may have.

Judgment affirmed.